IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

BLANDINA GOOCH and
ANGELINA GOOCH,

    Plaintiffs,

v.                                                NO. _____
                                                JURY DEMANDED

I.B.G. SERVICES, INC. d/b/a
R. BERNARD FUNERAL SERVICES,

    Defendant.

---

**COMPLAINT FOR DAMAGES**

---

      Come now the Plaintiffs, BLANDINA GOOCH and ANGELINA GOOCH, by and through their undersigned counsel, and hereby sue the Defendant, I.B.G. SERVICES, INC. d/b/a R. BERNARD FUNERAL SERVICES, and allege as follows:

**PARTIES**

1. At all times relevant to this Complaint, the Plaintiffs, BLANDINA GOOCH and ANGELINA GOOCH, daughters of Luz S. Acevedo-Sanchez, were citizens and residents of the Commonwealth of Pennsylvania, residing at 1056 Fox Run, Reading, PA 19606 and 175 Spring Grove Court, Birdsboro, PA 19508 respectively.

2. At all times relevant to this Complaint, the Defendant, I.B.G. SERVICES, INC. d/b/a R. BERNARD FUNERAL SERVICES, was incorporated in as a for-profit domestic corporation having its principal place of business at 2764 Lamar Avenue, Memphis, TN 38114, which may be served through its Registered Agent as identified through the

Tennessee Secretary of State website: Ann Stokes, 2764 Lamar Avenue, Memphis, TN 38114.

## JURISDICTION AND VENUE

3. Plaintiffs' cause of action arises in tort and breach of contract and occurred in Shelby County, Tennessee on or about September 7, 2021.

4. Venue is properly situated in this Court pursuant to 28 U.S.C. § 1391(b).

5. This Court has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(a)(1).

## FACTS

6. On or about November 20, 2020, Luz S. Acevedo-Sanchez died in Shelby County, Tennessee.

7. The Plaintiffs, Blandina Gooch and Angelina Gooch, chose to use the services of the Defendant, I.B.G. Services, Inc. d/b/a R. Bernard Funeral Services, to cremate the remains of their mother, Luz S. Acevedo-Sanchez.

8. On or about February 3, 2021, Blandina Gooch and Angelina Gooch decided to use Defendant, R. Bernard Funeral Services and by February 9, 2021, entered into a contract for the "Cremation Package" and made a payment for the service.

9. On or about February 15, 2021, Defendant, R. Bernard Funeral Services related to Blandina Gooch and Angelina Gooch that their mother's body, which had been at the Medical Examiner's Office, was at R. Bernard Funeral Services and would be cremated soon.

10. On or about February 17, 2021, Defendant, R. Bernard Funeral Services related to Angelina Gooch that things may be delayed due to a bad storm.

11. Upon information and belief, the Medical Examiner's Office actually released the body of Luz S. Acevedo-Sanchez to Defendant R. Bernard Funeral Services on February 20, 2021.

12. On or about February 24, 2021, the death certificate of Luz S. Acevedo-Sanchez was filed with an incorrect name and date of death.

13. On or about March 4, 2021, Blandina Gooch received a text message from Defendant, R. Bernard Funeral Services that her mother's death certificate was ready for pick up. This confused her as the death certificate was supposed to be mailed to her with her mother's remains and there was still no indication that her mother's body had been cremated yet.

14. Defendant, R. Bernard Funeral Services sent an automatic reply upon Blandina Gooch's inquiry and did not respond to her inquiry as to why they would send such a message.

15. On or about March 11, 2021, Blandina Gooch sent a text message to Ryan of Defendant, R. Bernard Funeral Services complaining that her mother's body had been in his funeral home for weeks and was supposed to have been cremated and her ashes and two death certificates shipped to her and her sister in Pennsylvania.

16. Defendant, R. Bernard Funeral Services related to Angelina Gooch that they were sending her mother's remains overnight by March 15, 2021.

17. On or about March 17, 2021, still not in receipt of her mother's remains, Blandina Gooch sent an email message to Defendant, R. Bernard Funeral Services seeking information. She did not receive a response.

18. On or about March 20, 2021, Blandina Gooch finally received a package from Defendant, R. Bernard Funeral Services containing what was purported to be her mother's remains.

19. The package of ashes they received contained a silver metal tag bearing the number 462 with no name. It also contained a piece of bone.

20. The Plaintiffs would later learn that the ashes received from Defendant R. Bernard Funeral Services were not the ashes of their mother but of another woman.

21. On September 7, 2021, Blandina Gooch and Angelia Gooch first learned from Alfred Velasquez, that Defendant R. Bernard Funeral Services had switched the remains of his mother, Anita Velasquez, who died on or about February 18, 2021, with the remains of Luz S. Acevedo-Sanchez.

22. Plaintiffs, Blandina Gooch and Angelia Gooch, learned that the urn purportedly containing the remains for Anita Velasquez was released to Alfred Velasquez on March 4, 2021, and contained a silver metal tag that bore the number 450, a portion of a red vinyl identification tag that read "Luz Acevedo," and a document showing that disk 450 was assigned to Luz Acevedo who was cremated on February 23, 2021.

23. March 4, 2021 was also the date that Defendant R. Bernard Funeral Services sent the confusing text message to Blandina Gooch that her mother's death certificate was ready to be picked up.

24. Upon information and belief, Defendant R. Bernard Funeral Services switched the remains and sent the remains of Anita Velasquez to Plaintiffs, Blandina Gooch and Angelia Gooch and their mother's remains to the Velasquez family, which upon information and belief is still in possession of their mother's remains.

25. The unprofessional and deceptive dealings with Defendant, R. Bernard Funeral Services, especially the switching of their mother's remains with those of Anita Velasquez, has

caused the Plaintiffs, Blandina Gooch and Angelina Gooch, acute and poignant pain and suffering.

26. As a result of the Defendant's negligence, the Plaintiffs suffered emotional distress and damages.

## CAUSE OF ACTION
## COUNT I – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

27. The Plaintiffs repeat the allegations contained in paragraphs 1 – 26 as though set forth herein verbatim.

28. The Defendant's conduct of delivering the remains of "Luz Acevedo" to the Velasquez family was outrageous.

29. The Defendant's conduct of delivering the remains of "Anita Velasquez" to the Plaintiffs was outrageous.

30. The Defendant's actions to cover up its conduct was outrageous.

31. The Defendant's conduct actually and proximately caused emotional distress to the Plaintiffs.

32. Defendant's conduct was done either with the specific intent to cause emotional distress or with a reckless disregard of the probability of causing that distress.

33. The Plaintiffs suffered the following harms and losses as a direct and proximate result of one or more of the above acts of intentional infliction of emotional distress:

    a. Mental suffering;

    b. Serious or severe emotional distress, both past and future;

    c. Inability to enjoy the normal pleasures of life, both past and future; and

   d.  Other harms and losses allowed by law.

## COUNT II – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. The Plaintiffs repeat the allegations contained in paragraphs 1 – 33 as though set forth herein verbatim.

35. The Defendant's handling of the remains was negligent.

36. The Plaintiffs suffered the following harms and losses as a direct and proximate result of one or more of the above acts of negligent infliction of emotional distress:

   a.  Mental suffering;

   b.  Serious or severe emotional distress, both past and future;

   c.  Inability to enjoy the normal pleasures of life, both past and future; and

   d.  Other harms and losses allowed by law.

## COUNT III – BREACH OF CONTRACT

37. The Plaintiffs repeat the allegations contained in paragraphs 1 – 36 as though set forth herein verbatim.

38. The Plaintiffs paid the Defendant for cremation services and created a contract for services.

39. The Defendant breached the contract when it failed to deliver to the Plaintiffs the remains of Luz S. Acevedo-Sanchez.

40. The Plaintiffs suffered damages as a result of the Defendant's breach of contract.

## PUNITIVE DAMAGES

41. The Plaintiffs repeat the allegations contained in paragraphs 1 – 40 as though set forth herein verbatim.

42. The Defendant was aware of, but consciously disregarded, a substantial and unjustifiable risk of harm to the Plaintiffs of such a nature that the disregard constitutes intentional and criminal conduct.

43. The Plaintiffs are entitled to recover punitive damages as a result of the Defendant's intentional and / or reckless conduct.

## RELIEF SOUGHT

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiffs, Blandina Gooch and Angelina Gooch, respectfully pray:

1. That the Plaintiffs be awarded compensatory damages in an amount not less than One Million and no/100 Dollars ($1,000,000.00);

2. That the Plaintiffs be awarded punitive damages in an amount not less than One Million and no/100 Dollars ($1,000,000.00);

3. That a jury be empaneled to try the issues when joined; and

4. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

901Attorneys, LLC

s/ David A. McLaughlin
David A. McLaughlin, Esq. (015561)
Attorney for the Plaintiffs
200 Jefferson Avenue – Suite 900
Memphis, TN 38103
(901) 671-1551 phone
(901) 671-1571 fax
David@901Attorneys.com

                LAW OFFICES OF DANIEL P. HARTSTEIN, LLC
                Daniel P. Hartstein, Esquire
                Commerce Center
                1800 Chapel Avenue West, Suite 320
                Cherry Hill, NJ 08002
                (856) 910-8900
                danhartstein@verizon.net
                *Pro Hac Vice* Admission Pending